# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRIAN MANN,

        Plaintiff,

        v.                                                Case No. 06-CV-327

CITY OF MILWAUKEE POLICE DEPARTMENT
and SOCIAL SECURITY ADMINISTRATION,

        Defendants.

## ORDER

On March 16, 2006, *pro se* plaintiff Brian Mann filed a complaint alleging that the Milwaukee Police Department committed mail tampering, slandered his family, and is "corrupt in every way" in connection with his brother's imprisonment. The complaint lists the Social Security Administration as a defendant, but does not state a claim against the Social Security Administration. In connection with his complaint, Mann filed a request for leave to proceed in forma pauperis. In order to allow the plaintiff to proceed in forma pauperis, the court must determine that the plaintiff is unable to pay the $250 filing fee and that his case is not frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2).

The plaintiff claims that he is unemployed, has no income or savings, and that he is responsible for the support of a child. In his petition for leave to proceed in forma pauperis, Mann indicates that his spouse earns $1,000 per month, but that he is not married. Nonetheless, the court concludes that the plaintiff is indigent. Thus, the court will screen Mann's complaint pursuant to § 1915(e)(2).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (U.S. 1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *see Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (U.S. 1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (U.S. 1969).

Mann seeks "billions worldwide" for the purported slander, mail fraud, and corruption that the Milwaukee Police Department committed against his family in connection to his brother's imprisonment, and for "slave owners which black inventions never get pay or funds such as the 1) hoot, stop lights, belt, guitars, shoes, etc." (Compl., 3.) Mann also seeks the release of his brother, Timothy Mann, currently incarcerated in a Wisconsin state prison. Attached to the complaint are several documents that do not appear to support the plaintiff's claims: (1) a letter from the Electronic Federal Tax Payment System; (2) a brief presumably in support of an ineffective assistance of counsel claim in connection to the plaintiff's brother's criminal trial; (3) a petition for eligibility in the earned release program for the plaintiff's brother; (4) a computer printout indicating that the plaintiff is a party in 11 cases on which the plaintiff wrote that all cases were "wrongdoing on their part" and that they should all be reopened; (5) a notice and order dismissing the plaintiff's

-2-
Case 2:06-cv-00327-JPS   Filed 03/30/06   Page 2 of 4   Document 3

social security claim for disability insurance benefits; and (6) a flyer advertising a video store which the plaintiff claims has his belongings.

Mann did not raise a claim of ineffective assistance of trial counsel, nor does he have standing to bring an ineffective assistance of trial counsel claim on behalf of his brother. *Rakas v. Illinois*, 439 U.S. 128, 139 (U.S. 1978) (holding that, to have standing, a proponent must assert his own legal rights and interests rather than basing his claim for relief upon the rights of third parties). Additionally, Mann does not have standing to bring a claim on behalf of "slave owners" or African American inventors. *Id.* Mann's claims against the Milwaukee Police Department of slander, corruption, and mail tampering in connection with his brother's criminal conviction lack an arguable basis in law. In addition to standing issues, to recover damages caused by unlawful actions which led to his brother's conviction, Mann must prove that his brother's conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey,* 512 U.S. 477 (U.S.1994). Finally, the complaint does not set forth a claim against the Social Security Administration and does not indicate why the Social Security Administration is listed as a defendant.

In light of the foregoing, the court concludes that the plaintiff's claims against the Milwaukee Police Department of slander, corruption, and mail tampering in connection with is brother's criminal conviction, are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("a complaint, containing as it does both factual allegations

and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact"). The court also concludes that the complaint fails to state a claim upon which relief may be granted against the Social Security Administration. As such, the court is obliged to dismiss Mann's case. *See* 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS ORDERED** that Mann's petition to proceed in forma pauperis be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Mann's complaint be and the same is hereby **DISMISSED** without prejudice.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of March, 2006.

BY THE COURT:

s/J.P. Stadtmueller
J.P. STADTMUELLER
U.S. District Judge